UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADOLFO VILLASENOR,<br><br>         Plaintiff<br> v.<br><br>JERRY HOWE, et al.,<br><br>         Defendants | Case No. 2:19-cv-00683-APG-EJY<br><br>**ORDER DISMISSING CASE** |

  On August 18, 2020, Magistrate Judge Youchah ordered plaintiff Adolfo Villasenor to file his updated address with the court within 30 days. ECF No. 18 at 2.  The 30-day period has expired, and Villasenor has not filed his updated address or otherwise responded to the order.

  District courts have the inherent power to control their dockets and, "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for those reasons, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Magistrate Judge Youchah's order expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this Order, the Court will recommend dismissal of this case without prejudice." ECF No. 18 at 2. Thus, Villasenor had adequate warning that dismissal could result from his noncompliance.

I therefore order that this action is dismissed without prejudice based on Villasenor's failure to file an updated address in compliance with the August 18, 2020 order.

I further order that Villasenor's application to proceed *in forma pauperis* (ECF No. 1) is denied at moot.

I further order the Clerk of Court to enter judgment accordingly.

DATED THIS 27th day of October 2020.

_____
UNITED STATES DISTRICT JUDGE

3